UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY XAVIER HOUSTON, | Case No. 21-cv-05044-JST |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |
| NORTH KERN STATE PRISON, | |
| Respondent. | |

Petitioner, a state prisoner incarcerated at North Kern State Prison, filed this petition for a writ of habeas corpus. For the reasons set forth below, the Court DISMISSES this action for lack of federal habeas jurisdiction.

## DISCUSSION

Petitioner pled no contest to grand-theft and is serving a two-year sentence. ECF No. 1 at 2. The petition challenges his conditions of confinement at North Kern State Prison, alleging that guards did not follow proper procedures and were unprofessional; he was discriminated against and ostracized; he was forced to exit his cell during his quarantine to get his meal; he is always the last person to shower; he is only given 5-6 minutes to consume his meal; he was assaulted on May 14, 2021; his sentence has been lengthened due to discrimination and harassment from correctional officers; he was called a fool and yanked up by the arm; he was not asked if he needed medical attention; his neck was injured and his ears and head kicked; he was unable to file a grievance for a week; during his transfer to North Kern State Prison, the chain around his stomach was too tight and the officer refused to loosen it, he was the last to exit the bus, and his ankle cuffs were too loose making it hard for him to walk; and his rules violation report is contradictory and false. *See generally* ECF No. 1.

United States District Court
Northern District of California

1    Plaintiff's claims regarding the conditions of his confinement may not be raised in a

2   petition for a writ of habeas corpus and must be raised in a civil rights action.  "'Federal law opens

3   two main avenues to relief on complaints related to imprisonment:  a petition for habeas corpus,

4   28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as

5   amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars

6   affecting its duration are the province of habeas corpus . . .'"  *Hill v. McDonough*, 547 U.S. 573,

7   579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to

8   the circumstances of his confinement, however, may be brought under § 1983."  *Id.*  Where a

9   successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a

10   civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent.  *See Ramirez*

11   *v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  In addition, the preferred practice in the Ninth

12   Circuit has been that challenges to conditions of confinement be brought in a civil rights

13   complaint.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method

14   of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir.

15   1979) (affirming dismissal of habeas petition because challenges to terms and conditions of

16   confinement must be brought as civil rights complaint).

17    Petitioner's complaints regarding his conditions of confinement do not challenge either his

18   no-contest plea or the length of his sentence.  Success on these claims would not result in his

19   release from prison or shorten his stay in prison.  Accordingly, Petitioner should bring these

20   claims in a civil rights action instead, if he believes the alleged conditions of his confinement

21   violate the federal Constitution or federal law.[1]

22   _____

23   [1] A district court may construe a habeas petition by a prisoner attacking the conditions of his
confinement as pleading civil rights claims under 42 U.S.C. § 1983.  *Wilwording v. Swenson*, 404
24   U.S. 249, 251 (1971), *superseded by statute on other grounds*, Prison Litigation Reform Act of
1995, Pub. L. No. 104-134, 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, as
25   recognized in *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  However, the Court declines to do so
here.  The difficulty with construing a habeas petition as a civil rights complaint is that the two
26   forms used by most prisoners request different information and much of the information necessary
for a civil rights complaint is not included in the habeas petition filed here.  Examples of the
27   potential problems created by using the habeas petition form rather than the civil rights complaint
form include the potential omission of intended defendants, potential failure to link each defendant
28   to the claims, and potential absence of an adequate prayer for relief.  Also, a habeas action differs
in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his

United States District Court
Northern District of California

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing and, accordingly, a certificate of appealability will be denied on this claim.

## CONCLUSION

For the reasons stated above, the Court hereby DISMISSES this petition for lack of federal habeas jurisdiction without prejudice to filing a civil rights action under 42 U.S.C. § 1983.  The Clerk shall include two copies of the court's civil rights complaint form with a copy of this order to Petitioner**.**

**IT IS SO ORDERED.**

Dated:  October 22, 2021

_____
JON S. TIGAR
United States District Judge

---

claims; (2) the Court may be able to make credibility determinations based on the written submissions of the parties in a habeas action; (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action; (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement; and (5) damages cannot be awarded in a habeas action.  For all these reasons, it is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information pertinent to civil rights claims on a habeas form.